## UNITED STATES DISTRICT COURT

for the

Eastern District of California

**FILED**
APR 16 2018
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
    DEPUTY CLERK

In the Matter of the Search of )
)
1240 E Street )  Case No. 18 SW 0314 EFB
Rio Linda, California )
)
)

### SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the ___Eastern___ District of ___California___
*(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT A-8, attached hereto and incorporated by reference.   **SEALED**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT B, attached hereto and incorporated by reference.

**YOU ARE COMMANDED** to execute this warrant on or before ___April 11, 2018___ *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to: any authorized U.S. Magistrate Judge in the Eastern District of California.

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ___ days *(not to exceed 30)*  ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 4-2-2018
                      11:20 A.M.
                                                                        _____
                                                                          *Judge's signature*

City and state:        Sacramento, California                           Edmund F. Brennan, U.S. Magistrate Judge
                                                                          *Printed name and title*

AO 106 (Rev. 04/10) Application for a Search Warrant

**SEALED** **ORIGINAL FILED**

# UNITED STATES DISTRICT COURT

for the
Eastern District of California

APR 0 2 2018
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

In the Matter of the Search of )
)
1240 E Street )   Case No. 2:18-SW-0314 EFB
Rio Linda, California )
)
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A-8, attached hereto and incorporated by reference.**

located in the _____Eastern_____ District of _____California_____, there is now concealed *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

**FILED**
APR 1 6 2018
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1), 846, 856; 18 U.S.C. §§ 1956, 1957 | Conspiracy to Manufacture, Possess with Intent to Distribute, and Distribute Marijuana; Maintaining a Place for Manufacture and Distribution of Marijuana; Money Laundering. |

The application is based on these facts:

**SEE AFFIDAVIT, attached hereto and incorporated by reference.**

☑ Continued on the attached sheet.

_____
*Applicant's signature*

Laura Giouzelis, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 4-2-2018

_____
*Judge's signature*

City and state: Sacramento, California      Edmund F. Brennan, U.S. Magistrate Judge
*Printed name and title*

# Return

| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|
| 2:18-SW0314 EFB | 12:46 6 4/3/18 7:30A | N/a |

Inventory made in the presence of : no one present

Inventory of the property taken and name of any person(s) seized:

See ATTACHED (1 page)

# Certification

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

_[signature]_

Subscribed, sworn to, and returned before me this date.

_[signature]_   4/16/2018

KENDALL J. NEWMAN
U.S. MAGISTRATE JUDGE

# UNITED STATES DEPARTMENT OF JUSTICE
## FEDERAL BUREAU OF INVESTIGATION
### Receipt for Property

Case ID: 245E-SC-2130166

On (date): 4/3/18

item(s) listed below were:
- [x] Collected/Seized
- [ ] Received From
- [ ] Returned To
- [ ] Released To

(Name): 

(Street Address): 1240 E St.

(City): Rio Linda, CA

Description of Item(s): 1) Ten (10) Marijuana samples from various rooms; 2) 1,877 Marijuana plants; 3) Two (2) black garbage bags containing cut marijuana leaves; 4) Eight (8) notepads from various rooms and ink pen reading "Elkhorn RV + Self Storage"

NOTHING ELSE

Received By: [signature]
Printed Name/Title: Scott A.H. Shefield

Received From: No One Present
Printed Name/Title:

## **AFFIDAVIT OF FEDERAL BUREAU OF INVESTIGATION SPECIAL AGENT LAURA E. GIOUZELIS IN SUPPORT OF APPLICATION FOR SEARCH WARRANT**

I, Laura E. Giouzelis, being first duly sworn, hereby depose and state as follows:

### I.   Scope of Requested Search Warrant

1. I make this affidavit in support of an application for a search warrant of 1240 E Street, Rio Linda, California.

### II.   Incorporation of Previous Affidavit

2. This affidavit and application for a search warrant is made as part of a "rollover" from the warrants signed by United States Magistrate Judge Edmund F. Brennan on March 28, 2018, authorizing the search of, among other properties, 1240 E Street, Sacramento, California. Accordingly, attached hereto as EXHIBIT 1 and incorporated by reference as if fully set forth herein is the affidavit of FBI Special Agent Laura Giouzelis in support of the search warrants signed March 28, 2018.

### III.   Additional Facts in Support of the Requested Warrant

3. On April 2, 2018, in preparation for executing the search warrant previously issued on March 28, 2018, at "Target Property 8," described in Exhibit 1, I realized that the face sheets of the search warrant incorrectly described the property as "1240 E Street, Sacramento, California," when in fact the Attachment A-8 properly described the property as "1240 E Street, Rio Linda, California." I therefore make this application merely to correct the error in the search warrant and search warrant applications, as well as sealing order, in describing the mailing address of this property. This correction will make those documents consistent with the original Attachment A-8 and the body of the probable cause description in Exhibit 1 as to the property's mailing address.

4. All facts supporting probable cause to search this location remain the same. The only change sought by this "rollover" application and search warrant is to correct the error made in the previous face sheets as to this property's mailing address. Any typographical errors to the contrary in Exhibit 1 should be disregarded.

### IV.   Conclusion and Request to Seal

5. There is probable cause to believe that evidence, fruits, contraband, and instrumentalities of violations of 21 U.S.C. §§ 841 (a)(1) (Manufacture of Marijuana), 846 (Conspiracy to Manufacture Marijuana), 856 (Maintaining a Place for the Manufacture and Distribution of Marijuana), 18 U.S.C. §§ 1956 (Money Laundering), and 1957 (Monetary Transaction in excess of $10,000 in Specified Unlawful Activity proceeds) will be found at 1240 E Street, Rio Linda, California, described further in Attachment A-8 hereto, which is incorporated herein by reference.

6. The United States requests that the Court order this search warrant affidavit and all accompanying filings be kept under seal until further order of the Court, with the exception that

a copy of the search warrant will be left at the scene of the search. The affiant states that the criminal investigation is continuing, and further interviews, grand jury appearances, and search warrants are contemplated. Disclosure of the contents of this affidavit could seriously impede the investigation by disclosing details of the government's investigation and evidence gathered in connection therewith. The targets and subjects of the investigation would be able to learn some of the present extent of the government's knowledge. Accordingly, the affiant requests that the Court issue an order sealing this affidavit until further order of this Court.

7. I respectfully request the issuance of a search warrant authorizing any federal law enforcement officer, with the assistance of other law enforcement officers, to enter and search the structure and premises on the property described in Attachment A-8 for items more particularly described in Attachment B.

I declare under penalty of perjury that the statements above are true and correct to the best of my knowledge and belief.

Respectfully submitted,

_____
Special Agent Laura E. Giouzelis
Federal Bureau of Investigation

Subscribed and sworn to before me on this 2nd day of April, 2018.

_____
HONORABLE Edmund F. Brennan
UNITED STATES MAGISTRATE JUDGE

Approved as to Form:

_____
Matthew M. Yelovich
Assistant United States Attorney

## ATTACHMENT A-8

## 1240 E Street, Rio Linda, California



The residence at 1204 E Street Rio Linda is a light blue one story house with blue shutters. The dark blue door faces north and is flanked by windows. There is a detached building on the east side of the house. The roof is a dark gray with white trim. There is a wood fence that boarders the property on all sides with the exception to a black wrought iron gate across the driveway with a pedestrian entrance.

The search of the aforementioned location shall include:

Any and all vehicles within the curtilage, as well as attachments, attics, basements, garages, safes, carports, outbuildings, appurtenances thereto, and all other areas within the curtilage, that are associated with this specific unit.

## ATTACHMENT B
## ITEMS TO BE SEIZED

The items to be seized are evidence, fruits, and instrumentalities of violations of the following federal statutes (the "Target Offenses") occurring on or after January 1, 2012: 21 U.S.C. § 841(a)(1) – Manufacture, Possess with Intent to Distribute, and Distribution of Marijuana; 21 U.S.C. § 846 – Conspiracy to Manufacture and Distribute Marijuana; 21 U.S.C § 856 – Maintaining a Place for Manufacture and Distribution of Marijuana; 18 U.S.C. § 1956(a)(2)(A) – Money Laundering; 18 U.S.C. § 1956(h) – Conspiracy to Launder Money; and 18 U.S.C. § 1957 – Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity, namely:

1. United States currency or any other monetary instrument(s) worth or estimated to be worth over $2,000.

2. Marijuana in various forms, including but not limited to: living plants, harvested plants and stalks, dried or drying plants, and processed marijuana.

3. Marijuana seeds and/or marijuana plant clones.

4. Any other controlled substances and/or contraband during service of this warrant.

5. Handguns, shotguns, rifles, explosives, and other firearms/incendiary devices and ammunition that may be used to facilitate the possession and/or distribution of controlled substances.

6. Items evidencing the receipt of income from any source including Forms W 2, 1098 and 1099, Federal and state income tax records and work papers, employment records, pay stubs, social security statements, business receipts, business books and records, journals and ledgers, receipts, invoices, sales of assets, real estate sale and purchase records, escrow records, bank records (including foreign accounts and related transactions), brokerage records, investment account statements, stock certificates, receipts documenting purchase and sale of stocks, contracts, purchase orders, estate records, loan records, letters of credit, notes payable and receivable, IOUs and other recordings of debts comprising evidence of loans and expenses, checks, passbooks and deposit receipts, check registers and checkbooks, insurance documents, money orders, cashier's checks, bank drafts, wire transfers, and money drafts.

7. Items evidencing the obtaining, transfer, and/or concealment of assets and the obtaining, transfer, concealment and/or expenditure of money to include business books and records, invoices, receipts, records of real estate or securities transactions, escrow files, vehicle and vessel purchase records, bank statements and related records, passbooks, money drafts, letters of credit, money orders, bank drafts, cashier's checks, bank checks, checkbooks, loan statements, work papers, and records reflecting the purchase of assets.

8. Items tending to establish evidence of money laundering activity to include records of currency transactions, foreign and domestic financial transactions, such as wire transfers, cashier's checks and money orders, bank drafts, and published reference material on the subject of money laundering. In addition, customer lists, supplier lists, correspondence, notation logs, receipts, journals, books, pay and owe sheets, records and other documents noting the price, quantity, date and/or times when goods believed to be used in the cultivation of marijuana, were purchased, possessed, transferred, distributed, sold or concealed in whatever form (handwritten, digital, saved on computer, etc.).

9. Items relating to loans and the obtaining of funds from lending institutions or private parties including loan applications, credit reports, Verification of Deposit (VOD) forms, verification of rental status documents, correspondence to or from lending institutions, occupancy documents, verification of employment documents, accountant verification documents, and income verification documents.

10. Items evidencing any landlord tenant or leaser leaseholder relationship including rental or lease applications or agreements and drafts thereof, "walk through" documents, receipt books, rental ledgers, property descriptions, documents relating to rental income and expenses, landlord books, correspondence, credit reports, eviction records.

11. Copies of any Currency Transaction Reports (CTRs), bank notification requirements for CTRs, schedules of currency activities, money orders, cashier checks, and wire transfers.

12. Photographs, negatives, video tapes, films, undeveloped film and the contents therein, and slides depicting the subjects of the investigation and their criminal associates, their assets and/or controlled dangerous substances.

13. Items tending to identify the location where controlled substances and other evidence of narcotics trafficking may be found, to include records and keys for vehicles, storage facilities, residences, businesses, post office boxes, safe deposit boxes, and safes.

14. Items tending to establish the identity of persons in control of the premises being searched, to include rent receipts, utility bills, check books, bank account records, addressed envelopes, passports, residence keys, vehicle registrations, videos, exposed film and photographs.

15. Narcotics or money ledgers, narcotics distribution or customer lists, narcotics supplier lists, correspondence, notation logs, receipts, journals, books, pay and owe sheets, records and other documents noting the price, quantity, date and/or times when narcotics were purchased, possessed, transferred, distributed, sold or concealed.

16. Records showing the purchase, sale, lease, rental, installment sale of equipment that could be used to facilitate indoor marijuana cultivation; including, but not limited to, business records showing expenditures and receipts.

17. Personal telephone and address books and listings, letters, cables, telegrams, telephone bills, photographs, audio and video tapes, personal notes and other items reflecting names, addresses, telephone numbers, communications, and illegal activities of associates in narcotic trafficking activities.

18. Records, items, and documents reflecting travel, including airline tickets, credit card receipts, travel vouchers, hotel and restaurant receipts, canceled checks, maps and written directions to location;

19. Bank account records, wire transfer records, bank statements and records, money drafts, letters of credit, safety deposit keys and records, money wrappers, money containers, income tax returns, and records of financial transfers which reflect the money generated from the sale of narcotics in violation of 21 U.S.C. §§ 841 and 846.

20. Mobile phones (including the contents thereof including the phone number of the device, the listing of most recent calls, the directory of names and phone numbers, saved text messages, stored emails, saved chat (including WeChat) and app logs including content, metadata that could include attribution evidence, and saved photographs and/or video clips) and other communication devices, including smart phones, which could be used to participate in a conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841, 846, and/or 843(b).

21. Surveillance equipment to help protect their marijuana dispensary operations and for counter surveillance against law enforcement, including, but not limited to, surveillance cameras and monitors, anti-bugging devices, and devices used to detect the presence of wiretaps, recording devices, transmitters, and/or receipts or literature describing the same, as well as any related storage media.

22. Equipment and tools used for the cultivation, storage, or processing of marijuana.

23. Books and/or magazines for growing marijuana, such as: High Times, Marijuana Growers Guides, Sinsemillia Tips, Marijuana Potency, Marijuana Botany, Marijuana, and other marijuana publications;

24. **Computers and Related Digital Evidence, As Follows:**

    a. Computers, digital devices, such as smart phones, mobile phones, or tablets, software, peripheral data storage devices, that may contain the items listed in this attachment items (records), and all other equipment/material/programs needed to review the contents of the computer (with law enforcement allowed to take the computer and related

   material for off-site inspection and allowed 120 days from the day of the search to examine the content of computer and related equipment to determine whether it contains items to be seized – unless extended by order of court).

b. Any computer equipment or digital devices used to facilitate the transmission, creation, display, encoding, or storage of data, including word processing equipment, modems, docking stations, monitors, printers, plotters, encryption devices, and optical scanners that are capable of being used to commit or further the crimes referenced above, or to create, access, process, or store evidence, contraband, fruits, or instrumentalities of such crimes;

c. Any magnetic, electronic, or optical storage device capable of storing data, such as floppy disks, hard disks, tapes, CD-ROMs, CD-Rs, CD-RWs, DVDs, optical disks, printer or memory buffers, smart cards, PC cards, memory calculators, electronic dialers, electronic notebooks, personal digital assistants, and cell phones capable of being used to commit or further the crimes referenced above, or to create, access, or store evidence, contraband, fruits, or instrumentalities of such crimes;

d. Any documentation, operating logs, and reference manuals regarding the operation of the computer equipment, storage devices, or software;

e. Any applications, utility programs, compilers, interpreters, and other software used to facilitate direct or indirect communication with the computer hardware, storage devices, or data to be searched;

f. Any physical keys, encryption devices, dongles, or similar physical items which are necessary to gain access to the computer equipment, storage devices, or data;

g. Any passwords, password files, test keys, encryption codes, or other information necessary to access the computer equipment, storage devices, or data; and

h. All records, documents, programs, applications, or materials created, modified, or stored in any form, including in digital form, on any computer or digital device, that show the actual user(s) or owners of the computers or digital devices during the time the device was utilized to commit the crimes referenced above, including the web browser's history; temporary Internet files; cookies; bookmarked, or favorite web pages; email addresses used from the computer; MAC IDs and/or Internet Protocol addresses used by the computer; email, instant messages, and other electronic communications; address books; contact lists; records of social networking and online service usage; and software that would allow

others to control the digital device such as viruses, Trojan horses, and other forms of malicious software (or alternatively, the lack of software that would allow others to control the digital device).

i. All records, documents, programs, applications, or materials created, modified, or stored in any form, including in digital form, on any computer or digital device, that show evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the computer or digital device.

j. All records, documents, programs, applications, or materials created, modified, or stored in any form, including in digital form, on any computer or digital device, that show contextual information necessary to understand the evidence, contraband, fruits, or instrumentalities described in this attachment.

k. All evidence called for in other portions of this attachment that might be stored, created, recorded, or maintained in digital format.

## ATTACHMENT A-8

### 1240 E Street, Rio Linda, California



The residence at 1204 E Street Rio Linda is a light blue one story house with blue shutters. The dark blue door faces north and is flanked by windows. There is a detached building on the east side of the house. The roof is a dark gray with white trim. There is a wood fence that boarders the property on all sides with the exception to a black wrought iron gate across the driveway with a pedestrian entrance.

The search of the aforementioned location shall include:

Any and all vehicles within the curtilage, as well as attachments, attics, basements, garages, safes, carports, outbuildings, appurtenances thereto, and all other areas within the curtilage, that are associated with this specific unit.

## ATTACHMENT B
## ITEMS TO BE SEIZED

The items to be seized are evidence, fruits, and instrumentalities of violations of the following federal statutes (the "Target Offenses") occurring on or after January 1, 2012: 21 U.S.C. § 841(a)(1) – Manufacture, Possess with Intent to Distribute, and Distribution of Marijuana; 21 U.S.C. § 846 – Conspiracy to Manufacture and Distribute Marijuana; 21 U.S.C § 856 – Maintaining a Place for Manufacture and Distribution of Marijuana; 18 U.S.C. § 1956(a)(2)(A) - Money Laundering; 18 U.S.C. § 1956(h)- Conspiracy to Launder Money; and 18 U.S.C. § 1957 – Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity, namely:

1. United States currency or any other monetary instrument(s) worth or estimated to be worth over $2,000.

2. Marijuana in various forms, including but not limited to: living plants, harvested plants and stalks, dried or drying plants, and processed marijuana.

3. Marijuana seeds and/or marijuana plant clones.

4. Any other controlled substances and/or contraband during service of this warrant.

5. Handguns, shotguns, rifles, explosives, and other firearms/incendiary devices and ammunition that may be used to facilitate the possession and/or distribution of controlled substances.

6. Items evidencing the receipt of income from any source including Forms W 2, 1098 and 1099, Federal and state income tax records and work papers, employment records, pay stubs, social security statements, business receipts, business books and records, journals and ledgers, receipts, invoices, sales of assets, real estate sale and purchase records, escrow records, bank records (including foreign accounts and related transactions), brokerage records, investment account statements, stock certificates, receipts documenting purchase and sale of stocks, contracts, purchase orders, estate records, loan records, letters of credit, notes payable and receivable, IOUs and other recordings of debts comprising evidence of loans and expenses, checks, passbooks and deposit receipts, check registers and checkbooks, insurance documents, money orders, cashier's checks, bank drafts, wire transfers, and money drafts.

7. Items evidencing the obtaining, transfer, and/or concealment of assets and the obtaining, transfer, concealment and/or expenditure of money to include business books and records, invoices, receipts, records of real estate or securities transactions,  escrow files, vehicle and vessel purchase records, bank statements and related records, passbooks, money drafts, letters of credit, money orders, bank drafts, cashier's checks, bank checks, checkbooks, loan statements, work papers, and records reflecting the purchase of assets.

8. Items tending to establish evidence of money laundering activity to include records of currency transactions, foreign and domestic financial transactions, such as wire transfers, cashier's checks and money orders, bank drafts, and published reference material on the subject of money laundering. In addition, customer lists, supplier lists, correspondence, notation logs, receipts, journals, books, pay and owe sheets, records and other documents noting the price, quantity, date and/or times when goods believed to be used in the cultivation of marijuana, were purchased, possessed, transferred, distributed, sold or concealed in whatever form (handwritten, digital, saved on computer, etc.).

9. Items relating to loans and the obtaining of funds from lending institutions or private parties including loan applications, credit reports, Verification of Deposit (VOD) forms, verification of rental status documents, correspondence to or from lending institutions, occupancy documents, verification of employment documents, accountant verification documents, and income verification documents.

10. Items evidencing any landlord tenant or leaser leaseholder relationship including rental or lease applications or agreements and drafts thereof, "walk through" documents, receipt books, rental ledgers, property descriptions, documents relating to rental income and expenses, landlord books, correspondence, credit reports, eviction records.

11. Copies of any Currency Transaction Reports (CTRs), bank notification requirements for CTRs, schedules of currency activities, money orders, cashier checks, and wire transfers.

12. Photographs, negatives, video tapes, films, undeveloped film and the contents therein, and slides depicting the subjects of the investigation and their criminal associates, their assets and/or controlled dangerous substances.

13. Items tending to identify the location where controlled substances and other evidence of narcotics trafficking may be found, to include records and keys for vehicles, storage facilities, residences, businesses, post office boxes, safe deposit boxes, and safes.

14. Items tending to establish the identity of persons in control of the premises being searched, to include rent receipts, utility bills, check books, bank account records, addressed envelopes, passports, residence keys, vehicle registrations, videos, exposed film and photographs.

15. Narcotics or money ledgers, narcotics distribution or customer lists, narcotics supplier lists, correspondence, notation logs, receipts, journals, books, pay and owe sheets, records and other documents noting the price, quantity, date and/or times when narcotics were purchased, possessed, transferred, distributed, sold or concealed.

16. Records showing the purchase, sale, lease, rental, installment sale of equipment that could be used to facilitate indoor marijuana cultivation; including, but not limited to, business records showing expenditures and receipts.

17. Personal telephone and address books and listings, letters, cables, telegrams, telephone bills, photographs, audio and video tapes, personal notes and other items reflecting names, addresses, telephone numbers, communications, and illegal activities of associates in narcotic trafficking activities.

18. Records, items, and documents reflecting travel, including airline tickets, credit card receipts, travel vouchers, hotel and restaurant receipts, canceled checks, maps and written directions to location;

19. Bank account records, wire transfer records, bank statements and records, money drafts, letters of credit, safety deposit keys and records, money wrappers, money containers, income tax returns, and records of financial transfers which reflect the money generated from the sale of narcotics in violation of 21 U.S.C. §§ 841 and 846.

20. Mobile phones (including the contents thereof including the phone number of the device, the listing of most recent calls, the directory of names and phone numbers, saved text messages, stored emails, saved chat (including WeChat) and app logs including content, metadata that could include attribution evidence, and saved photographs and/or video clips) and other communication devices, including smart phones, which could be used to participate in a conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841, 846, and/or 843(b).

21. Surveillance equipment to help protect their marijuana dispensary operations and for counter surveillance against law enforcement, including, but not limited to, surveillance cameras and monitors, anti-bugging devices, and devices used to detect the presence of wiretaps, recording devices, transmitters, and/or receipts or literature describing the same, as well as any related storage media.

22. Equipment and tools used for the cultivation, storage, or processing of marijuana.

23. Books and/or magazines for growing marijuana, such as: High Times, Marijuana Growers Guides, Sinsemillia Tips, Marijuana Potency, Marijuana Botany, Marijuana, and other marijuana publications;

24. **<u>Computers and Related Digital Evidence, As Follows:</u>**

    a. Computers, digital devices, such as smart phones, mobile phones, or tablets, software, peripheral data storage devices, that may contain the items listed in this attachment items (records), and all other equipment/material/programs needed to review the contents of the computer (with law enforcement allowed to take the computer and related

  material for off-site inspection and allowed 120 days from the day of the search to examine the content of computer and related equipment to determine whether it contains items to be seized – unless extended by order of court).

b. Any computer equipment or digital devices used to facilitate the transmission, creation, display, encoding, or storage of data, including word processing equipment, modems, docking stations, monitors, printers, plotters, encryption devices, and optical scanners that are capable of being used to commit or further the crimes referenced above, or to create, access, process, or store evidence, contraband, fruits, or instrumentalities of such crimes;

c. Any magnetic, electronic, or optical storage device capable of storing data, such as floppy disks, hard disks, tapes, CD-ROMs, CD-Rs, CD-RWs, DVDs, optical disks, printer or memory buffers, smart cards, PC cards, memory calculators, electronic dialers, electronic notebooks, personal digital assistants, and cell phones capable of being used to commit or further the crimes referenced above, or to create, access, or store evidence, contraband, fruits, or instrumentalities of such crimes;

d. Any documentation, operating logs, and reference manuals regarding the operation of the computer equipment, storage devices, or software;

e. Any applications, utility programs, compilers, interpreters, and other software used to facilitate direct or indirect communication with the computer hardware, storage devices, or data to be searched;

f. Any physical keys, encryption devices, dongles, or similar physical items which are necessary to gain access to the computer equipment, storage devices, or data;

g. Any passwords, password files, test keys, encryption codes, or other information necessary to access the computer equipment, storage devices, or data; and

h. All records, documents, programs, applications, or materials created, modified, or stored in any form, including in digital form, on any computer or digital device, that show the actual user(s) or owners of the computers or digital devices during the time the device was utilized to commit the crimes referenced above, including the web browser's history; temporary Internet files; cookies, bookmarked, or favorite web pages; email addresses used from the computer; MAC IDs and/or Internet Protocol addresses used by the computer; email, instant messages, and other electronic communications; address books; contact lists; records of social networking and online service usage; and software that would allow

4

    others to control the digital device such as viruses, Trojan horses, and other forms of malicious software (or alternatively, the lack of software that would allow others to control the digital device).

i. All records, documents, programs, applications, or materials created, modified, or stored in any form, including in digital form, on any computer or digital device, that show evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the computer or digital device.

j. All records, documents, programs, applications, or materials created, modified, or stored in any form, including in digital form, on any computer or digital device, that show contextual information necessary to understand the evidence, contraband, fruits, or instrumentalities described in this attachment.

k. All evidence called for in other portions of this attachment that might be stored, created, recorded, or maintained in digital format.